United States District Court
District of Massachusetts

| | |
|---|---|
| JOHN FITZGERALD, )<br>)<br>Trustee, )<br>)<br>PRUDENTIAL INSURANCE CO. OF )<br>AMERICA, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>SW BOSTON HOTEL VENTURE LLC, )<br>GENERAL LAND CORP., 131 )<br>ARLINGTON STREET TRUST, 30-32 )<br>OLIVER STREET CORP., )<br>)<br>Appellees. )<br>) | Civil Action No.<br>11-10227-NMG |

### ORDER

GORTON, J.

Prudential Insurance Company of America ("Appellant") appeals with good cause from an order entered by the United States Bankruptcy Court for the District of Massachusetts which allowed a second motion by the debtor-appellees to extend the deadline to March 31, 2011 to file a plan of reorganization and solicit acceptances of the plan ("the order"). The debtor-appellees are SW Boston Hotel Venture LLC and its affiliates, General Land Corp., 131 Arlington St. Trust and 30-32 Oliver St. Corporation. The order was entered in the debtor-appellees' jointly-administered Chapter 11 cases.

-1-

A bankruptcy appeal must, however, be dismissed as moot where jurisdictional and equitable considerations render it impracticable for the appellate court to provide an effective remedy. In re Cambridge Biotech Corp., 214 B.R. 429, 431 (D. Mass. 1997) (citing In re Public Service Co. of New Hampshire, 963 F.2d 469, 471 (1st Cir. 1992)). The jurisdictional component of the mootness doctrine enforces the general principle that courts are barred from deciding cases in which they cannot provide a remedy. Id. The equitable component, which is specific to bankruptcy appeals, affords finality to bankruptcy court judgments in order to further the Bankruptcy Code policy of facilitating reorganization. Id.

Here, the exclusivity period to which appellant objects lapsed on March 31, 2011, shortly after appellant filed its appeal. Although appellant, in its supporting brief, asserted that its appeal would not become moot upon expiration of the period to file if a subsequent extension were sought and allowed, appellant has informed the Court of no such subsequent extension. Furthermore, neither party has informed the Court whether a plan has been adopted and/or implemented. Therefore, the Court concludes that effective judicial relief is no longer available, see In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 450 (9th Cir. BAP 2002) ("An unqualified expiration of exclusivity probably would be an event that renders it impossible to fashion

effective relief."), and directs the appeal to be **DISMISSED** as moot.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 19, 2012